IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED

FEB 2 3 2012

CLERK, US DISTRICT COURT
NORFOLK, VA

Norman Gladden,

                    Petitioner,

v.                                                    Civil Action No. 2:11cv378

Gary Bangs,
Director of Industry Operations,

                    Respondent.

## *MEMORANDUM OPINION AND ORDER*

Before the Court is Petitioner Norman Gladden's Petition ("the Petition") for *de novo*

Judicial Review, pursuant to 18 U.S.C. § 923(f)(3). In opposition to the Petition, Respondent

Gary Bangs, Director of Industry Operations (DIO), Washington Field Division, Bureau of

Alcohol, Tobacco, Firearms and Explosives ("ATF"), filed a Motion for Summary Judgment,

pursuant to Rule 56 of the Federal Rules of Civil Procedure.[1] Having carefully considered the

parties' pleadings, the Court finds that this matter is now ripe for judicial determination. For the

reasons stated herein, Respondent's Motion for Summary Judgment is **GRANTED**.

---

[1] The reviewing court may grant summary judgment without conducting an evidentiary
hearing if no genuine disputes as to material facts exist.

1

## I. FACTUAL AND PROCEDURAL HISTORY

Petitioner is a Federal Firearms Licensee ("licensee") located in Virginia Beach, Virginia.

Resp.'s Mem. Law Supp. Mot. Summ. J. 2. On July 14, 2009, the ATF conducted a compliance

inspection of Petitioner's premises. *Id.* ATF concluded that Petitioner had failed to properly

maintain the Acquisition & Disposition ("A&D") Record for firearms in over one hundred

instances, had transferred a firearm to a resident of another state in violation of federal law, had

failed to report selling multiple handguns on three occasions, and failed to obtain a properly

completed ATF form 4473 on numerous occasions. *Id.* On May 11, 2010, the ATF served

Petitioner with a Notice of Denial of Application for License as a result of violations found

during the investigation. Pet. Jud. Rev. ¶ 7. Petitioner subsequently requested and was granted a

hearing pursuant to 18 U.S.C. § 923(f)(2). *Id.* ¶ 8. Petitioner's hearing was held on November

18, 2010 in Richmond, Virginia. *Id.* ¶ 9.

On May 31, 2011, Respondent issued a Final Notice of Denial of Application or

Revocation of Firearms License ("Final Notice") to Petitioner. *Id.* ¶ 10. The Final Notice

contained nine counts which detailed multiple violations of federal gun law. In Count I,

Respondent states that Petitioner willfully violated: 18 U.S.C. § 922(d)(1) by transferring a

firearm to an individual who answered yes to Section A, 11(c) of ATF Form 4473 ("Have you

ever been convicted in any court of a felony, or any other crime, for which the judge could have

imprisoned you for more than one year, even if you received a shorter sentence, including

probation?"); 18 U.S.C. § 922(d)(4) by transferring a firearm to an individual who answered yes

to Section A, 11(f) of the ATF form 4473 ("Have you ever been adjudicated mentally defective

OR have you ever been committed to a mental instituion?"); and 18 U.S.C. § 922(b)(3) by

2

transferring a firearm to an individual who was a resident of New Jersey in violation of New Jersey state law. *Id.* ¶ 12. Respondent claims that he did not violate these provisions because his actions were negligent, not knowing or reckless, as is required under these statutes. Pet. Jud. Rev. ¶¶ 13-16.

In Count II, Respondent alleges that Petitioner willfully violated 18 U.S.C. § 922(m) and/or § 923(g)(3)(A) by failing to report multiple sales on ATF Form 3310.4 (Multiple Sale or Other Disposition of Pistols and Revolvers) on three occasions involving six firearms. *Id.* ¶ 18. Petitioner contends that he did not knowingly or willfully violate these provisions because his actions were at most negligent, rather than deliberate. *Id.* ¶ 19. In Count III, Respondent lists violations of 18 U.S.C. § 922(m) and/or § 923 (g)(1)(A) and 27 C.F.R. § 478.125(e), specifically failure to record in an A&D Record the disposition of a firearm not later than seven days following the date of the transaction in 113 instances; failure to record in the A&D Record the acquisition of a firearm not later than the close of the next business day following the acquisition of the firearm in 62 instances; and failure to record in the gunsmith A&D Record full acquisition in 20 instances. *Id.* ¶ 21. Petitioner claims that in 31 instances, the firearm was erroneously recorded as an acquisition and thus was not subsequently disposed of, so there was no failure to record a disposition. *Id.* ¶ 22. As to the remaining counts, Petitioner concedes that he acted negligently but not knowingly, which does not constitute a violation of the statute.

In Count IV, Respondent alleges that Petitioner willfully violated 18 U.S.C. § 922(m) and/or § 923(g)(1)(A) and 27 C.F.R. § 478.21(a) in that in thirty instances Items 31 ("Trade/corporate name and address of transferor"), 32 ("Federal Firearms License Numbers"), 33 ("Transferor's/Seller's Name"), and 35 ("Transferor's/Seller's Title") were blank or

incomplete. *Id.* ¶ 28. In three instances, the response to Item 11a ("Are you the actual

transferee/buyer of the firearm(s) listed on this form?") was no. *Id.* Petitioner claims he did not

violate these provisions because no regulation requires the licensee to record the aforementioned

information. Pet. Jud. Rev. ¶ 32-33. Petitioner also alleges that he acted negligently, not

willfully, and thus was not in violation of the statute.

      In Count V, Respondent avers that Petitioner willfully violated 18 U.S.C. § 923(g)(1)(A)

and 27 C.F.R. § 478.124(c)(1) for failure to complete, or ensure the proper completion of, ATF

forms in the following manner: two instances of transferrals to individuals who did not

completely answer Item 2 (Current Residence Address) on ATF Form 4473, one instance of

transferral to an individual who did not completely answer Item 3 (Place of Birth) on ATF form

4473, seven instances of transferrals to individuals who answered Item 7 with the current year

instead of the purchaser's birth year, five instances of transferrals of firearms to individuals who

left Items 4 (height), 5 (weight), 6 (gender), 7 (birth date), or 10 (race) blank, seven instances of

transferrals of firearms to an individual who left Items 11i, 11j, and 11k blank, thirty-three

instances of transferrals of firearms to individuals who left Items 16 (Transferree's/Buyer's

signature) or 17 (Certification Date) blank, two instances of transferrals of firearms to individuals

who left Item 14 ("What is your country of citizenship") blank, and two instances in which Item

13 was incorrectly completed as "N/A" or "CA". *Id.* ¶¶ 38(a-h). Petitioner contends that he did

not violate these provisions because his actions were not intentional, knowing, or reckless. *Id.* ¶

39.

      In Count VI, Respondent states that Petitioner willfully violated 18 U.S.C. § 922 (m)

and/or 923 (g) (1) (A) and 27 C.F.R. § 478.124 (c) (3) (I) in three instances by incorrectly

recording the date of birth for the transferee instead of the expiration date for the identification in Item 20(a). *Id.* ¶ 41. Petitioner claims Form 4473 does not require that the expiration date for the identification be noted. Thus, Petitioner believes he did not violate the provision. In Count VII, Respondent asserts that Petitioner willfully violated 18 U.S.C. § 922(m) and/or § 923(g)(1)(A), and 27 C.F.R. § 478.124 (c)(3)(ii) in one instance by failing to complete Item 20(c) on the ATF form 4473 when transferring to an alien. *Id.* ¶ 46. In Count VIII, Respondent alleges that Petitioner willfully violated 18 U.S.C. § 922(m) and/or 923(g)(1)(A), and 27 C.F.R. § 478.124 (c)(3)(iv) in nineteen instances by failing to record information in Items 21(a-d), and in one instance by not completely answering Item 21(b). *Id.* ¶ 53. Lastly, in Count IX, Respondent charges that Petitioner willfully violated 18 U.S.C. § 922(m) and/or § 923(g)(1)(A), and 27 C.F.R. § 478.124 (c)(5) by leaving Items 34 and 36 blank in sixteen instances and by not completely answering Item 34 in two instances. *Id.* ¶ 56. For all of these allegations, Petitioner denies having requisite willfulness to constitute violations of these provisions.

## II. LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides that, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also McKinney v. Bd. of Trustees of Maryland Cmty. Coll.*, 955 F.2d 924, 928 (4th Cir. 1992) ("[S]ummary judgments should be granted in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not necessary to clarify the application of the law.") (citations omitted). In deciding a motion for summary judgment, the court must view the facts, and inferences to be drawn from the facts, in the light most favorable to the nonmoving

party. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247-48 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Once a motion for summary judgment is properly made and supported, the opposing party "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 586-87 (internal quotations omitted). Summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

Petitioner is appealing the ATF's decision to revoke Petitioner's federal firearms license. *See* 18 U.S.C. § 923(f)(3). Under this section, petitioners are afforded *de novo* judicial review in federal district court. However, because it is duly authenticated, an administrative record enjoys a presumption of verity. *Langston v. Johnson*, 478 F.2d 915, 917-918 (D.C. Cir. 1973). The reviewing court can consider any evidence submitted by the parties regardless if such evidence was included in the administrative hearing. The non-moving party may not simply rely upon the mere allegations of his complaint. *Best Loan Co. v. Herbert*, 601 F.Supp.2d 749, 753 (E.D. Va. 2009). Instead, his response must, through affidavits or other evidence, detail specific facts showing a genuine dispute for trial. *Id.* The reviewing court can grant summary judgment without conducting an evidentiary hearing if no genuine disputes of material fact exist. *Dimartino v. Buckles*, 129 F.Supp.2d 824, 827 (D. Md. 2001), *aff'd by unpublished order*, *Dimartino v. Buckley*, No. 01-1166, 2001 WL 1127288, at *1 (4th Cir. Sept. 25, 2011); *see also T.T. Salvage Auction Co. v. United States Treasury Dep't*, 859 F.Supp. 977, 979 (E.D.N.C. 1994); *Al's Loan Office, Inc., v. Bureau of Alcohol, Tobacco, and Firearms*, 738 F. Supp. 221,

223 (E.D. Mich. 1990).

## III. DISCUSSION

Respondent claims he should be awarded summary judgment, as there are no genuine disputes as to material facts. Respondent's main assertion is that DIO Bangs revoked Petitioner's license after evidence at the Federal Firearms License revocation hearing established that Petitioner knew and understood the requirements of record keeping under the Gun Control Act ("GCA"), yet nonetheless had multiple violations under the GCA upon inspection. Resp.'s Mem. Supp. Mot. Summ. J. 1. Respondent contends that the United States Fourth Circuit Court of Appeals ("Fourth Circuit"), amongst many courts, has held that a single violation of the GCA is sufficient grounds for revocation of an license. *Id.* at 1-2.

Petitioner contends that there is a genuine dispute as to material fact regarding the alleged wilfulness of Petitioner's actions. Pet.'s Opp. Resp. Mot. Summ. J. 1. Petitioner bases this contention on the Affidavit of Tim Donaldson. Donaldson asserts that none of the violations were committed willfully. Petitioner believes that Donaldson's affidavit "affirmatively shows that the violations were not the result of recklessness . . . while ordinary care may not have been exercised, the actions were not deliberate, knowing, or reckless because it was not an extreme departure from the standard of ordinary care." *Id.* at 5. Therefore, Petitioner concludes that Respondent has failed to show that Petitioner behaved recklessly or willfully during the alleged violations, as is necessary under the GCA. *Id.* at 2. Furthermore, Petitioner claims that Respondent relies on the commission of acts years earlier, rather than proving the Petitioner's wilfulness or recklessness at the time of the violations. *Id.* at 4.

7

### A. Willfulness Under the GCA

The Fourth Circuit has defined willful under 18 U.S.C. § 923(d)(1)(C) as ". . . action taken knowledgeably by one subject to the statutory provisions in disregard of the action's legality. No showing of malicious intent is necessary. A conscious, intentional, deliberate, voluntary decision properly is described as willful, 'regardless of venal motive.'" *American Arms Int'l v. Herbert*, 563 F.3d 78, 83 (4th Cir. 2009) (citing *Prino v. Simon*, 606 F.2d 449, 450 (4th Cir. 1979)). The court in *American Arms Int'l* further stated that the defendant need not have knowledge of the law which he is accused of violating, "[r]ather a more general knowledge 'that the conduct is unlawful is all that is required.'" *Id.* (quoting *Bryan v. United States*, 542 U.S. 184, 196 (1998)). Further, in the context of omissions or failures to act, a court may infer willfulness from a licensee's plain indifference to a legal requirement to act if the licensee (1) knew of the requirement *or* (2) knew generally that his failure to act would be unlawful. *Best Loan Co. v. Herbert*, 601 F.Supp.2d 749, 754 (E.D. Va. 2009) (citing *Lewin v. Blumenthal*, 590 F.2d 268, 269 (8th Cir. 1979)).

The Fourth Circuit has acknowledged that some mistakes or omissions are attributable to human error, and thus fall below the requisite level of willfulness. *American Arms Int'l.*, 563 F.3d at 84 (citing *RSM, Inc. v. Herbert*, 466 F.3d 316, 322 (4th Cir. 2006) (stating there is a measure of normal human error in terms of GCA compliance that can fall below willfulness)). However, at some point, when errors continue to increase in the face of repeated warnings by enforcement officials, a court may infer *as a matter of law* that the licensee has disregarded the legal requirements and thus his plain indifference constitutes willfulness. *Id.* at 85 (citing *RSM, Inc.* 466 F.3d at 322).

8

### 1. Petitioner's Knowledge of Federal Firearms Requirements

In the instant case, Petitioner has worked over 30 years in the firearms industry and has been a licensee since October of 1997. Resp.'s Mem. Supp. 8. Respondent states that on October 6, 2000, ATF Inspector Rouse "thoroughly explained" firearm regulations to Petitioner, which Petitioner acknowledged. *Id.* Respondent contends Investigator Michael Adkins further explained these provisions to Petitioner on November 27, 2002 and again on June 16, 2005. *Id.* at 9. Respondent asserts that acknowledgments Petitioner signed are evidence of these exchanges. *Id.* These exchanges show *at the very least* Petitioner's knowledge of the compliance requirements under the GCA. *See Target Sporting Goods, Inc. v. Attorney Gen. of the U.S.*, 472 F.3d 572, 575 (8th Cir. 2007) ("For the government to prove a willful violation of the federal firearms statutes, it need only establish that a licensee knew of its legal obligation and purposefully disregarded *or* was plainly indifferent to the record-keeping requirements.") (emphasis added).

In 2006, subsequent to Petitioner's signed acknowledgments, ATF conducted a compliance inspection at 2664 Lishelle Place, Virginia Beach, where Petitioner was President. Resp.'s Mem. Supp. 9. Petitioner was cited for disposal of weapons to any person when having knowledge or reasonable cause to believe that such person is prohibited from possession of a firearm, failure to report multiple sales, failure to maintain complete and accurate ATF Forms 4473, and failure to maintain an A&D record. *Id.* An ATF area supervisor held a Warning Conference with Petitioner, in which Petitioner attributed the violations to employee error. *Id.* On July 14, 2009, ATF conducted another compliance inspection in which numerous violations were again found. *Id.* at 2. Petitioner attributed these violations to human error as well. *Id.*

9

Finally, on May 31, 2011, after a November 18, 2010 hearing, Petitioner was served with the Final Notice of Application or Revocation of Firearms License for Shooting Sports Distributors, Inc.

Petitioner has been a licensee for several years, acknowledged federal inspections, committed previous violations, and attended an explicit warning conference for the very violations contained in the instant case. From these facts, the Court reasons that Petitioner has clear knowledge of federal firearms law. *See, e.g., American Arms Int'l*, 563 F.3d at 87 ("The string of prior citations, warning letters, and regulatory review sessions were clearly not enough to bring Gilbert into compliance. We have no trouble finding in these circumstances that Gilbert's violations of the GCA were willful."). Further, the aforementioned facts coupled with Petitioner's other citations for the violations contained in this case, indicate at the very least that Petitioner understood his noncompliance was in violation of federal law. *American Arms Int'l*, 563 F.3d at 85 ("At some point . . . repeated failure to comply with known regulations can move a licensee's conduct from inadvertent neglect into reckless or deliberate disregard (and thus willfulness)."). It is clear to the Court that Petitioner was aware of his responsibilities as a firearms licensee.

### 2. Petitioner's Plain Indifference to Federal Firearm Requirements

Of the multiple violations cited, Petitioner had been advised of *nine similar violations* under a previous license. *Id.* at 10 (citing Hearing Transcript 153-156). Petitioner contends that previous violations do not amount to willfulness for the allegations here because there remains a genuine dispute as to material fact concerning Petitioner's state of mind. Pet.'s Mem. Opp. 4 ("[T]o show recklessness, it is implicit that there must be proof of the actor's state of mind at the

10

time of the violation; the commission of acts years earlier is not probative."). Courts have held

that repeated violations, which were specifically cited in previous warning conferences, can

amount to willfulness under at least a plain indifference standard. *American Arms*, 563 F.3d at

87 ("Plain indifference can be found where nine times out of ten a licensee acts in accordance

with the regulations, if he was plainly indifferent to the one-in-ten violation."); *RSM, Inc.*, 466

F.3d at 322 ("The violations cited in the previous inspections and . . . warning conferences are

repeat violations . . . this clearly meets the level of at least plain indifference.); *Best Loan Co.*,

601 F.Supp.2d at 755 ("Best Loan's repeated violations, after it had been informed of the

regulations, warned of its offenses, and afforded additional opportunities . . . leads this court to

conclude that the company has shown 'deliberate disregard' and 'plain indifference' towards its

obligations, and, thus, its violations were willful.").

    Petitioner's contention that previous acts do not establish willfulness is patently false.

This Court, among various other circuit and district courts, has found that "[a] firearms licensee's

'repeated violations after it has been informed of the regulations and warned of violations does

show purposeful disregard or plain indifference,' for purposes of determining whether such

violations are willful." *Best Loan*, 601 F.Supp.2d at 754 (citing *Willingham Sports, Inc. v.

Bureau of A.T.F.*, 415 F.3d 1274, 1277 (11th Cir. 2005)); *accord Appalachian Res. Dev. Corp.,

v. McCabe*, 387 F.3d 461, 464 (6th Cir. 2004). Indeed, a majority of courts have consistently

held that if a licensee understands his legal obligations under the GCA and fails to abide by those

requirements, his license can be denied or revoked based on willful violation. *Best Loan*, 601

F.Supp.2d at 754; *See Perri v. Dep't of Treasury, Bureau of Alcohol, Tobacco & Firearms*, 637

F.2d 1332, 1336 (9th Cir. 1981); *Stein's Inc. v. Blumenthal*, 649 463, 467 (7th Cir. 1980) *Lewin*

11

*v. Blumenthal*, 590 F.2d 268, 269 (8th Cir. 1979)); *Prino v. Simon*, 606 F.2d 449, 451 (4th Cir. 1979); *Dimartino v. Buckles*, 129 F.Supp.2d 824, 827 (D. Md. 2001), *aff'd by unpublished order, Dimartino v. Buckley*, No. 01-1166, 2001 WL 1127288, at *1 (4th Cir. Sept. 25, 2011).

Here, Petitioner was previously cited for nine of the violations contained in this action. He had accumulated hundreds of violations under the A&D records provision despite being cited for these violations previously. Petitioner's actions are indistinguishable from the licensees in *American Arms* and *Prino* in which those individuals' licenses were revoked based on repeated offenses. In fact, the licensee in *Prino* had around 20 years experience and was missing 92 weapons, almost identical to Petitioner's 30 years experience and 113 missing weapons. 606 F.2d at 450. The Court upheld the ATF's findings and denied the licensee's Petition for Judicial Review. *American Arms* also involved a licensee who had insufficient recordings of transactions and who subsequently ameliorated some of the mistakes. Yet, again, the repeated violations necessitated revocation of the license without an additional evidentiary hearing. 563 F.3d at 86 ("[A]t some point, when a licensee received official warning that his actions violate the GCA and his record of compliance does not change...it is permissible to infer 'willfulness'."). Based on Petitioner's undisputed knowledge of previous violations of firearm regulations and ATF warnings, the Court finds that the record supports the revocation of Petitioner's firearm license for willful violations.

### B. A Single Violation is Sufficient to Revoke a License

There is no genuine dispute as to material fact concerning Petitioner's willful intent to disregard the compliance requirements of the GCA. Petitioner was clearly informed of the applicable federal firearms law, yet was plainly indifferent in compliance with them. As further

support for the Court's conclusion, a single violation of the GCA is a sufficient basis for denying an application or revoking a firearms license. *Armalite*, 544 F.3d at 649. In his Petition for Judicial Review, Petitioner concedes almost all factual findings, including, but not limited to, over 100 instances of failure to record in an A&D Record the disposition of a firearm not later than seven days following the transaction. Pet. Jud. Rev. ¶ 21; *see also Armalite*, 544 F.3d at 650 ("Because a single violation suffices, we need not scour each charge in the ATF's revocation notice.").

Petitioner's only challenge is to the interpretation of "willfulness" which, as shown above, is meritless. The Court is not required to determine the validity of all Petitioner's ATF violations. *See American Arms Int'l*, 563 F.3d at 86 (finding that because Defendant did not raise issues of genuine dispute for a number of violations, summary judgment was appropriate). Petitioner has clearly conceded more than one violation with a record which reflects willfulness. Therefore, the Court is fully justified in granting Respondent's motion for summary judgment without an evidentiary hearing.

## C. A Licensee is Responsible for Record Keeping Violations by Employees

Finally, Petitioner contends that there remains a genuine dispute as to material fact concerning the alleged violations because Respondent has failed to prove that Petitioner *himself* committed any of the violations. Pet. Mem. Opp. 4 ("Bangs has also not pointed to any evidence that Gladden committed any of the violations which were the basis of the revocation of the license of Shooting Sports Distributors, Inc."). Rather, Petitioner contends that the corporation's unlawful acts should not be attributed to an officer simply because of his title. *Id.* at 5.

Petitioner's contention is without merit and in direct conflict with this and other courts'

13

interpretation of federal firearms law. When an employer is knowledgeable of his employees' repeated failures to comply with federal firearms law, the conduct is directly attributable to the employer. *Armalite*, 544 F.3d at 650 ("Although it knew that its employees were not fully and accurately completing the forms, Armalite chose not to take steps to ensure future compliance. At some point, repeated negligence becomes recklessness."). The employer's knowledge in *Armalite* came from repeated offenses and warnings from the ATF, nearly identical to the Petitioner's offenses. *Id.* at 649 (concluding that the previous warnings and citations of violations were evidence that the employer was knowledgeable about employees' errors, and thus culpable). Petitioner, as President of the corporation, is culpable for the conduct of his employees. *Stein's, Inc. v. Blumenthal*, 649 F.2d 463, 468 (7th Cir. 1980) ("[W]here, as here, the licensee is a corporation, it is chargeable with the conduct and knowledge of its employees."). Here, Petitioner had full knowledge and warnings about repeated violations of federal firearms regulations in his company. Therefore, Petitioner cannot escape liability by asserting that he was not responsible for his employees' actions.

### V. CONCLUSION

For the reasons stated above, Respondent's Motion for Summary Judgment, pursuant to Federal Rule of Civil Procedure 56 is **GRANTED**.

The Clerk is **DIRECTED** to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

Raymond A. Jackson
United States District Judge

Norfolk, Virginia
February 23 , 2012

14